Date signed March 25, 2011



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MEXICO FARMS, LLC | : | Case No. 11-11622PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MEXICO FARMS, LLC | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 11-0070PM |
| | : | |
| MARYLAND DEPARTMENT OF | : | |
| THE ENVIRONMENT | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This adversary proceeding seeks to enjoin the exercise of any mandate arising out of regulatory proceedings now underway before the Office of Administrative Hearings of the State of Maryland.  It is before the court on the Motion of the Maryland Department of the Environment ("MDE") for this court to abstain from the exercise of jurisdiction over the subject matter of an administrative enforcement action titled *Maryland Department of the Environment v, Mexico Farms, LLC* (OAH Case No. MDA-WMA-069-10-34069; MDE No. AOP 10-1169), in which MDE seeks to halt activity by Debtor that it characterizes as ongoing pollution and to compel remedial action.  Such an action is excepted from the operation of the automatic stay by 11 U.S.C. § 362(b)(4).  However, the court understands that, in a nutshell, what Debtor now seeks is to remove the review of an anticipated unfavorable decision by the Administrative Law

Judge who heard the complaint, Judge Marleen B. Miller, from the Circuit Court to the Bankruptcy Court.  For the reasons set forth herein, the Motion to Abstain will be granted.

At the outset, the court notes that this adversary proceeding is not a core proceeding under 28 U.S.C. § 157(b)(2).  The recent case of *In re Cadence Innovation LLC,* 440 B.R. 622, 623 (BC Del. 2010) contains a pithy discussion of what is a core proceeding:

> Although the Bankruptcy Code does not define the term "core," the Court of Appeals for the Third Circuit has stated: " 'a proceeding is core under Section 157 if it invokes a substantive right provided by [T]itle 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.' " *Beard v. Braunstein*, 914 F.2d 434, 444 (CA3 1990) (quoting *Matter of Wood*, 825 F.2d 90 (CA5 1987)).  In addition, 28 U.S.C. § 157 provides a non-exclusive list of core proceedings, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," "proceedings to determine, avoid, or recover preferences," "proceedings to determine, avoid, or recover fraudulent conveyances," "determinations of the validity, extent, or priority of liens," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship."
>
> Cases in this District have further defined "core" proceeding. "To be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be a peripheral state law involvement." *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities*, 107 B.R. 34, 40 (BC Del.1989).

This action finds its way into this case by virtue of 11 U.S.C. § 105(a), the bankruptcy equivalent of the All Writs Statute, 28 U.S.C. § 1651(a).  The cause of action has nothing to do with Title 11 other than the fact that the Plaintiff is a debtor.  It is not based on any right expressly created by Title 11 and would have an existence outside of bankruptcy.  *Cf. In re A.H. Robins, Co., Inc.*, 86 F.3d 364, 372 (CA4 1996).  Should the administrative hearing result in an order that would adversely impact the Debtor, it would then have the right to seek relief in the Circuit Court by an appeal on the record that mirrors the relief sought in this adversary proceeding.  But, it is beyond dispute that the administrative action is related to this case in that the outcome of the administrative proceeding would have a significant impact on the outcome of this bankruptcy case.  *Cf. Valley Historic Ltd. Partnership v. The Bank of New York*, 486 F.3d 831, 836 (CA4 2007).

A decision on abstention is governed by 28 U.S.C. § 1334(c) that provides:

**28 U.S.C. § 1334.  Bankruptcy cases and proceedings**

\*          \*          \*          \*

>    (c) (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
>    (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The court finds that MDE prevails under either doctrine of mandatory or permissive abstention. In the first instance, a court must abstain when: (i) the case is based on state law causes of action, (ii) the case relates to a bankruptcy case but is not a core proceeding, (iii) the case could not have been commenced in federal court in the absence of the bankruptcy filing and (iv) the case can be timely adjudicated in state court. *See In re Railworks Corp.*, 345 B.R. 529, 539 (BC Md. 2006). This non-core action based on state law could not have been commenced in a federal court absent this bankruptcy filing. It has been suggested that the filing came about as a platform for this action. Moreover, the trial of the underlying action has been completed. What is awaited is the decision of Judge Miller. Should that decision be unfavorable to the Debtor, it may seek a stay of its imposition pursuant to Maryland Rule 7-205 following the filing of a petition for judicial review.

Moreover, even if this action was not found to be subject to mandatory abstention, it meets nearly every test for discretionary abstention. The factors for the court to consider are set out in such cases as *MacLeod v. Dalkon Shield Claimants Trust*, 967 F. Supp. 856, 858 (D. Md. 1997), *In re Colleen, Inc.*, 406 B.R. 674, 680 (BC Md. 2009), and *In re Porter-Hayden Co.*, 304 B.R. 725, 735 (BC Md. 2004), as follows:

>    (1) efficiency in the administration of the debtor's estate;
>    (2) the extent to which state issues predominate over bankruptcy issues;
>    (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court;
>    (4) the presence of a related proceeding commenced in state court;
>    (5) the existence of a jurisdictional basis other than §1334;
>    (6) the degree of relatedness or remoteness of the proceeding to the main

    bankruptcy case;
    (7) the substance rather than form of an asserted "core" proceeding;
    (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;
    (9) the burden of the federal court's docket;
    (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties;
    (11) the existence of a right to a jury trial; and
    (12) whether non-debtor parties are involved in the proceeding.

In the instant matter, the court finds no advantage in proceeding by an injunction hearing as opposed to a stay proceeding filed in the Circuit Court. Although an unfavorable decision in the state action could have a massive effect upon this bankruptcy case and well lead to liquidation of the Debtor, the issue of regulation of wastewater discharge is a state law matter wholly unrelated to the bankruptcy process. The state court proceeding has concluded its trial phase, and all that remains is Judge Miller's decision and any appeal therefrom. There is no independent federal jurisdictional basis for this cause of action. There is a suggestion, as stated above, that the filing of the bankruptcy petition was an exercise in forum shopping in order to enable the procurement of an injunction to block the continuation of the MDE hearing. Accordingly, the court finds that consideration of the above factors weighs heavily in favor of discretionary abstention.

An appropriate order will be entered.

cc:

Douglas F. Gansler, Attorney General of Maryland
    c/o Matthew Zimmerman/Jonathan May, Asst AGs, MD Dept of the Environment,
    1800 Washington Blvd., Suite 6048, Baltimore, MD 21230
Lawrence J. Anderson, Esq., 4833 Rugby Avenue, 4th Floor, Bethesda, MD 20814
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Honorable Marleen B. Miller, Office of Administrative Hearings, 11101 Gilroy Road, Hunt
    Valley, MD 21031-1301

**End of Memorandum**